## HARNEY vs. RYAN.

*Sixth Judicial District Court, October, 1857.*

### EJECTMENT.

The defendant, in ejectment, cannot set up an outstanding title against a plaintiff, who proves a prior possession.

The requisite facts are referred to in the opinion.

——————, for plaintiff.

——————, for defendant.

BOTTS, J.—This is an action of ejectment. The defendants went into possession of the premises in controversy, under a purchase at a sale made by virtue of an execution issued out of the superior court of the city of San Francisco, in a suit in which Wethered, the plaintiff's grantor, was defendant. It is admitted that the sale was a nullity, and that Wethered had no title to the property. Can the defendant, who paid the purchase money, set up the outstanding title, by way of defense, to this action?

In my opinion, this case turns upon a point that was not distinctly settled, between counsel, on the trial, the proofs, consisting only of verbal admissions of counsel, a very loose and objectionable mode of proceeding. I allude to the fact of prior possession of Wethered. The sale is a nullity; there is no privity between the defendants and the

NOTE.—We regret that we are unable to furnish the names of the counsel who argued this case.

plaintiff's grantor; they are entire strangers; the only supposed link is repudiated by both; consequently, there can be no question of estoppel. A stranger, without either paper title, or prior possession, cannot eject the defendant. His possession protects him. On the other hand, the defendant, in ejectment, cannot set up an outstanding title against a plaintiff, who proves a prior possession. Winans vs. Christy, 4 Cal. Rep. 70.

Since, then, the plaintiff has failed to establish, either a paper title or prior possession, I shall render judgment for defendant, with leave to the plaintiff to open the judgment, if he desires to establish the fact of prior possession in his grantor.